## WOODRUFF vs. PETERSON.

On a sale of a quantity of wood, the purchaser, after he had drawn away two loads, and while in the act of drawing away a third, discovered that the quality of a portion of it was different from what the contract called for; *Held* that he could not rescind the contract of sale, except by restoring, or offering to restore, what he had received under it.

On an executory contract of sale, the vendee, if he keeps the article, may, *it seems*, recoup his damages, in case of fraud, but not for breach of contract. The case of *Reed* v. *Randall*, (29 *N. Y. Rep.* 358,) criticised. *Per* MORGAN, J.

APPEAL from a judgment rendered upon the report of a referee.

The complaint alleged that the plaintiff, in July, 1866, sold and delivered to the defendant, upon his premises, eighteen and one half cords of wood, at $3.50 per cord, which the defendant refused to pay for. The answer denies the allegations of the complaint. On the trial before the referee, the defendant objected to parol evidence of the contract, it not appearing that any of the wood had been delivered or paid for. The objection was overruled, and the defendant excepted. The plaintiff then gave testimony tending to prove, and the referee finds, that the defendant was a brick maker in Watertown, and the plaintiff a farmer residing within two and a half miles distant; that in July, 1866, the defendant applied to the plaintiff to purchase wood, and went with the defendant to examine it; that the wood had been cut and piled, but the piles had become so scattered that an accurate measurement could not be made, while some part consisted of large chunks which could not be burned in the defendant's arches; and some portions of it were scattered around on the ground, was wet and would not be dry enough for the defendant's use, as he wanted it for immediate use; that the plaintiff pointed out to the defendant several piles on the hill, and represented to the defendant that they were like the piles they had examined, except that there was no soft wood in them; and that thereupon the defendant

Woodruff *v.* Peterson.

agreed with said plaintiff to purchase of him all of said wood except what lay scattered upon the ground, which was not dry enough for immediate use, and except the chunks too large to be burned in his arches, and to pay therefor at the rate of $3.50 per cord, and the plaintiff agreed to sell it to the defendant at that price, and to draw out the same and pile it in a certain lane where it could be measured.

It is further found by the referee that the plaintiff, within a few days, drew out and piled the wood in the lane, except a portion of the large chunks, but that the wood so drawn out and piled up contained a quantity of chunks too large for the defendant's use, as well as the wet wood laying upon the ground, which was unsound, wet and partly rotten, and unfit for the defendant's use ; that after the wood was so drawn out the defendant sent his hired man to measure the wood and draw away a load of it; that the hired man of the defendant on the same day drew one load, and the next day drew another. The piles, on being measured, were reported to the defendant at eighteen and a half cords. His attention was then, for the first time, called to the quality of the wood, and he objected to the quality of a portion of it. The first load was good wood, and when the second load was drawn, the hired man informed the defendant that he had thrown out some as unfit for use. The next day the defendant accompanied the hired man, and on seeing the plaintiff, objected to the quality of the wood, complaining that it was not such quality of wood as he had purchased; and while the plaintiff and defendant were talking together on the subject, the hired man loaded up and drove away with another load. Immediately after, the defendant refused to accept the wood under the contract, or to pay for any he had already taken away. It also appeared that the defendant did not restore, or offer to restore, to the plaintiff the wood which he had taken.

The referee held as matter of law that the title to the wood did not pass under the first agreement, for the reason that it was not separated and identified; and that when it was thus separated and ready for delivery, the defendant had the right of accepting or rejecting the same; that the plaintiff committed no fraud by drawing out and piling up wood unfit for the defendant's use; that the plaintiff had a right to require the defendant to accept of the whole or not any, and that the defendant had no right to accept a part and reject a part; that the defendant having sent his hired man and taken three loads before exercising the right of rejection, he waived such right, and must be deemed to have accepted the whole quantity delivered, unless he restored or offered to restore what he had taken away. The defendant's counsel excepted to these various propositions of law.

*James F. Starbuck,* for the appellant.

*Anson B. Moore,* for the respondent.

*By the Court,* MORGAN, J. It is very evident that the defendant was not bound to accept the wood, as it was not of such a quality as the contract called for. It is also apparent that in such a case the defendant is entitled to a reasonable time to exercise his choice. And I think the defendant was in time, when he went to the plaintiff's premises the next day and made the examination necessary to qualify him to make his election with discretion and judgment.

The only point of difficulty is, that the plaintiff had already drawn away three loads of the wood, and made no offer to return it. One load might have been burned up before the defendant was aware of the quality of the remainder; but when the last load was taken there was no

difficulty in offering to restore that, and to pay for what had already been used.

And it may be a question whether the title to the wood did not pass when it was measured to the defendant, and no objections made by the defendant, and no objections made by the defendant's hired man, who was the defendant's agent, for the purpose of measuring the wood, and who accepted one load from the pile after it was measured. But waiving the discussion of this question, and allowing the defendant until the next day to examine and accept the wood, I think the referee was right in holding that the receipt of three loads by the defendant without returning or offering to return it, was in law an acceptance of the whole quantity.

The question of fraud does not arise upon the pleadings, but the whole case turns upon the receipt of a part of the wood by the defendant, without offering to restore it to the plaintiff. When a vendee desires to rescind the contract of sale, he must restore or offer to restore to the vendor whatever he has received under it, and a retention of the property by the purchaser, in the absence of fraud, is deemed in law an admission on his part that the contract has been performed. (*Reed* v. *Randall*, (29 *N. Y. Rep.* 358.) If the vendee desires to rescind, he must rescind *in toto*. It must be done in a reasonable time and wholly. (*Chitty on Contracts*, 635, 636.)

The case might be different if the quality of the article could only be known after the trial, and the part received had been used for that purpose, so that it could not be returned; or if the article had no value. (*Chitty on Contracts*, 398.)

It is clear that the doctrine of *Reed* v. *Randall*, is not at variance with the law as it has always been understood, so far as it requires a return of the property in order to rescind the contract of purchase. This was always the law of contracts. So far as that case denies to the purchaser

the right to damages, because the article delivered under the contract of sale is not what the contract required it to be, it may be considered as not wholly in accordance with the opinion of some of the judges in other and analogous cases. The vendee, it seems to me, ought to have his election, either to return the article because it is not what the contract called for, and thus rescind the sale, or to retain it and recover his damages for a breach of the contract of sale. It is quite obvious, to my mind, that the retention of the article sold should not, in all cases, be deemed a waiver of the conditions of sale. But while the rule declared in *Reed* v. *Randall* is regarded as authority by the court in which it was laid down, it is the duty of the Supreme Court to adhere to it. Without reference to that rule, the defendant is liable in this action for the purchase price of the wood in question. If he had sought to recoup his damages because the wood was not what the contract called for, then the doctrine of *Reed* v. *Randall* would have been in point to defeat such a defense. If he had set up the fraud of the plaintiff in mixing in rotten and wet wood, I think the evidence would have tended to establish it, and the damages might have been recouped, according to all the authorities.

The result is, that the defendant is required to pay the whole contract price for the wood, without reduction on account of its quality, he having received a portion of it, and not having offered to return that portion when he desired to rescind the sale.

The judgment should be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, June 30, 1868. *Foster, Mullin* and *Morgan*, Justices.]